UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Peggy Suzanne Miechkota, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 3:07cv105 |
| | ) | |
| Department of Homeland Security, | ) | |
| Michael Chertoff, Secretary, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Peggy Meichkota filed a Petition for Writ of Habeas Corpus ("petition") on November 30, 2007, seeking her immediate release from the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE" or collectively "respondents") and the issuance of a certificate of citizenship. Alternatively, she seeks "an Order requiring the USCIS [U.S. Citizenship and Immigration Services] to properly consider the arguments presented" in her N-600 application and an order releasing her on bond while such consideration proceeds. Petition for Writ of Habeas Corpus, Doc. # 1, at 12. On January 15, 2008 respondents filed a Notice of Removal, indicating that the petitioner's removal is "imminent." Doc. # 7. In response, petitioner filed a Motion for Stay of Removal, Doc. #8, seeking an order enjoining respondents from removing her pending a decision on the merits of her petition. Respondents opposed the motion for stay and filed a Motion to Dismiss, arguing this court lacks subject matter jurisdiction, petitioner failed to exhaust her administrative

1

remedies, and petitioner "has not met her burden of demonstrating that she merits a stay of removal." Doc. # 10.

On reference from the district judge, the magistrate judge held a hearing on the Motion to Stay Removal on Thursday, January 24, 2008. At the same time the court entertained argument on respondents' Motion to Dismiss. Petitioner's counsel elected to rest on the arguments he made at the time of the hearing rather than submit a written response to the Motion to Dismiss. Therefore, both the Motion for Stay and Motion to Dismiss are ripe for decision.

Petitioner has requested a temporary stay of removal pending the outcome of these motions. Respondents have agreed to postpone petitioner's removal until February 1, 2008, Doc. # 18, to permit her to file a Form I-246 Application for Stay of Removal. Respondents have further assured the court and petitioner that if she files Form I-246, she will not be removed until the Field Office Director rules on the application. Petitioner has expressed concern about respondents' proposed solution, contending that filing a Form I-246 may result in her unwilling submission to ICE jurisdiction. The court recognizes petitioner's concern but finds she has failed to demonstrate that ICE will not permit her to preserve her jurisdictional objection while she pursues a Form I-246 application. Rather than engage in a two-tier consideration of petitioner's request for stay of removal, the court relies on Miechkota to seek an administrative postponement pending action on this report and recommendation.

## Summary of Recommendations

After considering the issue of this court's subject matter jurisdiction, the magistrate judge **RECOMMENDS** that petitioner's Motion to Stay Removal be **DENIED** for lack of subject matter jurisdiction, and respondents' Motion to Dismiss the habeas petition be **GRANTED**.

2

**Factual Background**

The petition indicates that Miechkota was born in Ontario, Canada in 1967. She has lived intermittently in Canada and the United States throughout her life. In 1977 she moved to the United States with her U.S. citizen mother and lived here as a lawful permanent resident. She moved back to Canada in 1988 and lived there for approximately nine years. In 1992, upon Miechkota's reentry into the United States, a customs agent took possession of her permanent resident card, and she completed an Abandonment of Lawful Permanent Status form at that time. She stayed in the United States only a few days before returning to Canada. In 1997 she returned to the United States and has remained here since that time without a visa or other valid entry document.

On December 2, 2005 Miechkota received a Notice to Appear for removal proceedings initiated under Section 240 of the Immigration and Nationality Act. The hearing was held on April 28, 2006 before Immigration Judge Kristin W. Olmanson, but Miechkota failed to appear. Judge Olmanson issued an order *in abstentia*, finding that the INS had established removability as charged and ordering Meichkota removed from the United States. Judge Olmanson further ordered that Miechkota's failure to appear "constitutes an abandonment of any pending applications and any applications Miechkota may have been eligible to file." Exhibits in Support of Petition for Writ of Habeas Corpus, Doc. # 5, at 8. "The Petitioner did not appeal the order of removal dated April 28, 2006 and, thus, it became final on that date." Petition for Writ of Habeas Corpus, at 2, ¶ 3.

ICE took Miechkota into custody on October 19, 2007, based upon the April 28, 2006 Order of Removal.  On November 7, 2007 Miechkota filed an N-600 Application for Certificate of Citizenship.  Meichkota states she included legal argument in the application explaining why she holds "a good faith belief that as a matter of law she was a United States citizen at birth."  Petition for Writ of Habeas Corpus, at 4, ¶ 23.  On November 16, 2007 USCIS issued a Notice of Intent to Deny the N-600, affording Miechkota 30 days to rebut the decision.  Exhibits in Support of Petition for Writ of Habeas Corpus, Doc. # 5, at 40.  Petitioner claims "rebuttal would not only be futile, but would not address the core arguments made by the Petitioner, which the USCIS has chosen to completely ignore."  Petition for Writ of Habeas Corpus, at 4-5, ¶ 25.  USCIS has not issued a final order on the N-600 application.

## Discussion

Miechkota's Motion for Stay of Removal assumes the jurisdiction of this court and seeks a preliminary injunction preventing her removal during the pendency of her habeas petition.  Doc. # 8.  She contends several circuits have applied the test outlined in <u>Dataphase Sys. v. CL Sys. Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981), to applications for stay of removal, and all <u>Dataphase</u> elements weigh heavily in her favor.  Respondents essentially argue petitioner's <u>Dataphase</u> arguments put the "cart before the horse."  Specifically, respondents argue this court lacks subject matter jurisdiction and thus may not consider the merits of Miechkota's claim to citizenship or grant a stay of removal.  Miechkota's position would require the court to reach the merits of her petition and find that she is indeed a citizen before it could address the question of subject matter jurisdiction.

In the past a person subject to an order of removal could collaterally challenge the removal order by filing a habeas petition in district court, whether or not she had pursued a direct appeal of the removal order.  See Iasu v. Smith, ___ F.3d ___, 2007 WL 4394434 (9th Cir.); Park v. Heston, 245 F.3d 665 (8th Cir. 2001);  U.S. ex rel. Rongetti v. Neelly, 207 F.2d 281 (7th Cir. 1953).  In 2005 Congress eliminated this avenue for relief by enacting the REAL ID Act, 8 U.S.C. § 1252(a)(5), which divests district courts of habeas jurisdiction in immigration removal matters and provides for review in the courts of appeal as the exclusive judicial remedy.   In Mohamed v. Gonzales, 477 F.3d 522 (8th Cir. 2007), the Eighth Circuit described the REAL ID Act as "denying the writ of habeas corpus to an alien resisting a removal order."   Mohamed, 477 F.3d at 525.  Miechkota expresses agreement with this ruling, but she argues it does not apply to her.  She bases her petition for habeas relief on an assertion that she is not an alien; she is a citizen of the United States.  She argues the REAL ID Act covers only aliens and she, as a citizen, still has access to habeas relief in the district court.

"Only aliens are removable under the Immigration and Naturality Act."  Omolo v. Gonzales, 452 F.3d 404, 407 (5th Cir. 2006).  Miechkota correctly argues that if she is a citizen, ICE has no removal jurisdiction over her.  Ng Fung Ho v. White, 259 U.S. 276, 284 (1922); Theagene v. Gonzales, 411 F.3d 1107, 1110 n.4 (9th Cir. 2005).  Due process requires that "any person with a non-frivolous claim to American citizenship receive a judicial evaluation of that claim."  Rivera v. Ashcroft, 394 F.3d 1129, 1136 (9th Cir. 2005) (citing Ng Fung Ho, 259 U.S. at 284-85).  Generally, a person seeking judicial review of a removal order must have exhausted available administrative remedies.  8 U.S.C. § 1252(d)(1).  But, when a person claims to be a citizen, statutory exhaustion requirements may not prevent judicial consideration of the issue of

5

citizenship on review of the removal order, even if the person did not clearly present the claim during the administrative removal process. Moussa v. INS, 302 F.3d 823, 825 (8th Cir. 2002) ("[T]he exhaustion provisions of § 1252(d)(1) do not apply to 'any person' challenging a final order of removal, only to an 'alien' – precisely what Moussa claims not to be. Thus, we must determine whether Moussa is an alien in order to decide whether § 1252(d)(1) applies to him.").

Although Miechkota strongly asserts her right to judicial determination of her citizenship claim, the district court is not an available forum to hear that claim. Only the court of appeals may address her claim. 8 U.S.C. § 1252(d)(5)(A). The statutory framework clearly makes this avenue of review "the exclusive statutory method of determining the claim of citizenship." Taniguchi v. Schultz, 303 F. 3d 950, 956 (9th Cir. 2002). See 8 U.S.C. § 1252(d)(5)(C). Because Congress gave the court of appeals jurisdiction to hear all legal and constitutional issues on review of a removal order, a habeas remedy is no longer necessary. Alexandre v. U.S. Attorney General, 452 F.3d 1204, 1206 (11th Cir. 2006).

Foreclosure of habeas relief in this court does not mean Miechkota lacks all access to judicial review. Court of appeals review "offers the same review as that formerly afforded in habeas corpus which provided legal, but not factual or discretionary, determination." Id. Although this court lacks jurisdiction to entertain Miechkota's habeas petition and to stay the order of removal, the court of appeals holds statutory authority to address claims of citizenship. See id. (Court of appeals review of BIA denial of motion to reopen removal proceedings).

Miechkota alternatively argued at the hearing that the court should preemptively find she is a United States citizen, thereby resolving her pending N-600 application for certificate of citizenship. Her counsel argued that USCIS's issuance of notice of intent to deny her application

6

indicates the futility of further proceedings before the agency and justifies this court's intervention.  Miechkota distinguishes this requested relief from her challenge to the order of removal, contending that this court holds jurisdiction to rule on her claim of citizenship, even if it lacks jurisdiction to address the order of removal.  The court should reject this argument as a thinly veiled attempt to circumvent the REAL ID Act's divestiture of this court's habeas jurisdiction in removal matters.  Also, Miechkota has not convinced the court of the futility of further efforts to pursue her N-600 application administratively.  Her request for a finding of citizenship should be denied.  Likewise, the court should reject her request for an order directing USCIS to "properly consider" her N-600 application.

Since the court lacks subject matter jurisdiction to hear the petition for writ of habeas corpus and to grant Miechkota a stay of the order for removal, the court need not address the Dataphase factors.  Miechkota cannot receive injunctive relief from the court in any event.

## Conclusion

**IT IS RECOMMENDED** that Petitioner's Motion to Stay Removal be **DENIED,** Respondents' Motion to Dismiss be **GRANTED**, and the Petition for Writ of Habeas Corpus be **DISMISSED**.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy thereof.

Dated this 31st day of January, 2008.

/s/ Karen K. Klein
Karen K. Klein
United States Magistrate Judge